GARLINGTON v. GILLIAM.

1. At the hearing of a motion to vacate for irregularity and improvidence warrants issued to enforce agricultural liens, the judge may consider, upon the question of jurisdiction, proceedings had subsequent to the issue of the warrants, constituting a part of the records of those cases.

2. While a Circuit Judge may have jurisdiction at chambers to vacate agricultural lien warrants for irregularity or improvidence, he has no such jurisdiction after the defendant has elected the remedy given him by the statute, contests his indebtedness, meets the issue made up and set down for trial, and the matters are referred to a referee for testimony and report.

Before HUDSON, J., Laurens, April, 1889.

This case arose under three lien warrants issued in 1881 and 1882, against B. B. Gilliam and his tenants. The three cases were heard together. The opinion states the case.

*Mr. N. B. Dial*, for appellants.

*Messrs. Ferguson & Featherstone*, contra.

July 13, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The respondent, Garlington, as agent, in June, 1881, obtained from the clerk of the court for Laurens County certain warrants of seizure (lien warrants) upon his affidavit, that he was the landlord of the defendants from whom certain rents, as a portion of the crop, were due for the current year, which crops the defendant, Gilliam, was about to dispose of in defeat of his lien. The crops seemed to have been seized by the sheriff and sold, but at what time is not stated. It appears, however, that the defendant, Gilliam, on June 29th, 1881, gave written notice through his then attorney to the sheriff that he did not recognize the parties for whom the said Garlington was agent as his landlord, and that the rent claimed was not due, nor any rent whatever; and, further, that in case he sold any of the crops that he hold proceeds as required by law. This notice was founded upon affidavits by Gilliam, embracing the above denial.

On the 11th of June, 1885, his honor, Judge Wallace, by consent of counsel of both plaintiff and defendant, ordered that it be referred to the master to ascertain the value of the crop or crops grown on the tract of land in question for the years 1881 and 1882, stating the value of the crops for each year separately; that he

ascertain the sum of money in the hands of the sheriff arising from the sale of the said crops, and that he report the facts to the next court with any special matter.   In April, 1886, his honor, Judge Fraser, granted an order by consent that $237.50 of the money in hands of the sheriff be paid to Messrs. Haskell & Dial, defendant's attorneys, and that the rights of Henry Little, B. B. Gilliam, Hill & Bro., C. P. Copeland, and their respective assignees, if any, in the sum of $237.50, be referred to a referee to decide to whom it belonged, his decision to be made in writing, to be filed with the clerk, and to be final; and that the sheriff do pay out the said sum of $184.50, in accordance with said decision, after first paying the referee $10, and that the balance of the fund be held subject to the further order of the court.

It appears that matters continued in this condition, no reference being held until April, 1889, when his honor, Judge Hudson, at chambers heard a motion from the defendants to set aside the warrants, on the alleged grounds of irregularity, and also because improvidently issued.   This motion was refused, his honor stating: "That he was satisfied that the affidavits upon which the warrants were issued were insufficient.   But that the records of the court showed an order directing a reference before R. C. Watts, Esq., to ascertain the rights of the parties therein named to a portion of this fund, and directing, further the balance of the funds to be held subject to the further order of the court, and that under such a state of facts he was satisfied that he had no jurisdiction at chambers of the subject matter."

From this order the defendants have appealed, alleging error to his honor:   1st. Because he held "that he had no jurisdiction at chambers to hear the motion to vacate the lien warrants herein."   2d. In not holding that the warrants should be vacated, both because irregularly and improvidently issued.   3d. Because he erred in allowing plaintiff to submit evidence at the hearing. There were one or two other exceptions which, being incorporated substantially in those mentioned, need not be specially considered.

As to the last exception herein above, we have only to say that the "Case" does not show that his honor allowed the plaintiff to submit evidence at the hearing.   We suppose that the error

intended to be alleged was that his honor allowed at the hearing
of the motion to vacate other evidence than that upon which the
warrants were granted, but the "Case" does not show this as to
the questions of improvidence and irregularity.   But even if this
had been done, it certainly did not prejudice the defendants,
because his honor held, or would have held, if he had had juris-
diction, as the defendants claimed, that the affidavits were not
sufficient; in other words, that the warrants were obnoxious to
irregularities.   His honor, however, declined to exercise jurisdic-
tion for the reason stated by him, that the records of the court
showed that a reference had been ordered upon the matters
involved, &c.   If the exception above was intended to refer to
this, as the error alleged, we think it would be still untenable.
The records of the court had no relevancy to the questions of
irregularity, or of an improvident issuance of the warrants, but
it was pertinent only to the question of jurisdiction, which his
honor was bound to decide before considering even the other
questions ; and, besides, this record constituted a part of the pro-
ceeding of the case, and of its history up to the time of the
motion.

The main question, however, in the case is the question of
jurisdiction.   There is no doubt, since the act of 1885 (19 *Stat.*,
429), that, as a general rule, a Circuit Judge has jurisdiction in
such cases and upon such motions as made here.   This act pro-
vides in terms that a motion to vacate warrants of seizure in
cases like this may be made either before the clerk of the court, a
trial justice, by whom it may have been issued, or a Circuit
Judge, for any of the causes which would have been sufficient to
vacate a warrant of attachment, issued under the code of pro-
cedure.   We have no doubt that under this act a Circuit Judge
has jurisdiction ordinarily to hear a motion like that here and at
chambers.   But we do not understand that his honor declined to
hear this motion, on the ground that Circuit Judges had no gen-
eral jurisdiction in such cases and upon such motions; but he
declined it, because of the action already had in the case by the
court.

The agricultural lien act provides that in case the party receiv-
ing advances, &c., desires to contest the claim, because not justly

due, he may, within thirty days after the sale of the property, give notice in writing to the sheriff, accompanied with an affidavit, &c., who shall hold the proceeds subject to the decision of the court upon an issue to be made up and set down for trial at the next succeeding term. This course was adopted here, and the issue being made up, was referred to the master to have the testimony taken and a report made. At the time of this proceeding the act of 1885, *supra*, had not been enacted. No reference has been had, though it was ordered in 1886. Why, and upon whose default, if any, it has not been held, is not stated, nor has there been any complaint made in reference thereto, nor was this delay one of the foundations of the motion to vacate. Under this state of facts, we think his honor's ruling may be sustained by the case of *Johnstone* v. *Manigault*, 13 S. C., 408. In fact, it seems that the doctrine announced there required such a ruling here. In that case, after an issue had been made as here, upon the call of the case for trial, a motion was made to strike the case from the docket, &c., on the ground of irregularity, insufficiency of the affidavit, &c. The Circuit Judge, as here, held the affidavit to be insufficient, but the issue having been made up, he further held that the insufficiency had been waived and ordered the trial to proceed. On appeal this court held that defendant, having elected his remedy, must be confined to it. While, then, the Circuit Judge, no doubt, had jurisdiction of the motion, yet he could not have granted the remedy sought, as claimed in the 2d exception above. Upon the authority of this case, the appeal here must, therefore, be dismissed, and for the reasons above stated.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.